UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBIE'S COSTUME COMPANY, INC., a New York corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>YIWU HUA HAO TOYS CO., LTD., a Chinese company; TREND NATION, LLC, a Nevada limited liability company; and JOHN DOES 1-100, currently unknown individuals and entities,<br><br>            Defendants. | No. 2:18-cv-01530-RAJ<br><br>**ORDER GRANTING DEFENDANT TREND NATION'S MOTION TO DISMISS OR ALTERNATIVELY TRANSFER VENUE FOR FORUM NON CONVENIENS** |

This matter comes before the Court on Defendant's Motion to Dismiss or Alternatively Transfer Venue (Dkt. # 9). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. Dkt. # 9.

I.  **BACKGROUND**

The following is taken from Plaintiff's First Amended Complaint (Dkt. # 17), which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to

ORDER-1

Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Plaintiff Rubie's Costume Company, Inc. ("Plaintiff") is a New York-based costume company that designs and manufactures costumes including a "highly-recognizable and very popular full-body Inflatable T-Rex Costume." Dkt. #17 at ¶ 1. The costume was first published on July 31, 2015 and is registered with the United States Copyright Office (VA 2-108-559). Dkt. # 17 at ¶¶ 35-36. The costume is sold through various distribution channels including "online platforms and traditional brick and mortar stores" throughout the United States (and the world). *Id.* at ¶ 37.

Defendant Trend Nation, LLC ("Defendant") is a Nevada-based corporation that, according to Plaintiff, advertises and sells infringing T-Rex costumes that are allegedly manufactured by Yiwu Hua Hao Toys Co., Ltd. ("Yiwu Hua Hao"), also a defendant in this matter. Dkt. # 17 at ¶¶ 3-4. According to Plaintiff, Yiwu Hua Hao manufacturers two versions of the Inflatable T-Rex costume, both of which "copy original graphical and sculptural features" from Plaintiff's costume. *Id.* at ¶ 43. Yiwu Hua Hao sells these allegedly infringing costumes using an Amazon seller account, Yiwu Hua Hao Toys Co. Ltd. (A28HXIHWFH6GG1). *Id.* at ¶ 45. Trend Nation also allegedly sells the infringing T-Rex costumes on Amazon using the account, Mindful Design (A1JSZ235HIVP4X). Dkt. # 17 at ¶ 46.

On October 18, 2018, Rubie's brought suit against Trend Nation and Yiwu Hua Hao Toys, along with several unnamed defendants, under the Federal Copyright Act. Dkt. # 1. Rubie's later amended its complaint, adding thirteen named defendants. Dkt. # 17. Trend Nation now moves to dismiss Rubie's complaint for lack of personal jurisdiction. Dkt. # 9. Alternatively, Trend Nation requests that the action be transferred to the District of Nevada on *forum non conveniens* grounds. *Id.*

ORDER-2

## II. DISCUSSION

### A. <u>Personal Jurisdiction</u>

In a case like this one, where no federal statute governs personal jurisdiction, the court's jurisdictional analysis starts with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute (RCW § 4.28.185) extends personal jurisdiction to the broadest reach that the Due Process Clause of the federal Constitution permits. *Shute v. Carnival Cruise Lines,* 113 Wash. 2d 763, 771 (1989). Plaintiff has the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "It is well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a *prima facie* case of jurisdiction." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993). In determining whether Plaintiff has met this burden, any "uncontroverted allegations" in Plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996), *supplemented*, 95 F.3d 1156 (9th Cir. 1996) (internal citations omitted).

There are two types of personal jurisdiction: general and specific. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A defendant with "substantial" or "continuous and systematic" contacts with the forum state is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts in the state. *Bancroft & Masters*, 223 F.3d at 1086. A defendant not subject to general jurisdiction may be subject to specific jurisdiction if the suit against it arises from its contacts with the forum state. *Id*. Plaintiff does not assert that Defendant is subject to general jurisdiction, so the Court will only consider whether the Defendant is subject to specific jurisdiction.

ORDER-3

The Court applies a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate: (1) the defendant has either purposefully directed his activities toward the forum or purposely availed himself of the privileges of conducting activities in the forum, (2) the plaintiff's claims arise out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden then shifts to defendant to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### 1. *Purposeful Direction*

Purposeful availment and purposeful direction are "two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. In the Ninth Circuit, tort cases typically require a purposeful direction analysis, whereas contract cases typically require a purposeful availment analysis. *Washington Shoe Co. v. A–Z Sporting Goods, Inc.,* 704 F.3d 668, 672–73 (9th Cir. 2012). Here, Plaintiff is alleging copyright infringement, so the Court will apply the purposeful direction analysis. *See Washington Shoe,* 704 F.3d at 673 (applying purposeful direction analysis to copyright infringement case).

The "purposeful direction" or "effects" test is based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). Under the "effects" test the defendant must have allegedly, "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1227 (9th Cir. 2011) (internal quotation marks omitted).

#### a. Intentional act

The Court will first consider whether the defendant committed an "intentional act" when it allegedly infringed upon Plaintiff's trademark. "[A]n intentional act is an

ORDER-4

external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe* at 674. Here, Plaintiff alleges that Defendant advertised and sold one or more of the infringing T-Rex costumes to consumers via its Amazon seller account. Dkt. # 17 at ¶ 46. This is sufficient to establish an "intentional act" under the "effects" test. *Schwarzenegger,* 374 F.3d at 806 (defining intent as "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."). This should not, however, be conflated with a finding that the defendant acted "willfully" as defined under copyright law. *Schwarzenegger*, 374 F.3d at 806 ("Intentional act" has a specialized meaning in the context of the *Calder* effects test.).

b. <u>Expressly aimed at forum state</u>

The second prong of the "effects" test considers whether the defendant's actions were expressly aimed at the forum state. To satisfy the "express aiming" standard, Plaintiff must show that Defendant's actions, even if taking place outside Washington, were expressly aimed at Washington. *Id.* In *Brayton Purcell*, the Ninth Circuit reiterated that this element requires "something more" than mere foreseeability to justify the assertion of personal jurisdiction. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) (citing *Schwarzenegger*, 374 F.3d at 805). The Ninth Circuit has considered various factors in determining whether "something more" exists, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant "individually targeted" a plaintiff known to be a forum resident. *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1229 (9th Cir. 2011) (internal citations omitted). "Express aiming can [also] be shown where a corporation 'continuously and deliberately' exploits the forum state's market for its own commercial gain." *Mavrix*, 647 F.3d at 1229–30.

ORDER-5

Here, Plaintiff advances two bases for establishing the "something more" required under this prong of the test. First, Plaintiff alleges Defendant has a contract with Amazon (a Washington-based company) to sell the infringing costumes online. Dkt. # 17 at ¶ 46. Second, Plaintiff alleges that Defendant sold 59 costumes (approximately 3.2% of its total sales) to Washington consumers. Dkt. #10, Ex. A. As an initial matter, the mere fact that Defendant has a commercial relationship with a Washington company is insufficient to confer personal jurisdiction, particularly when the relationship is not with the plaintiff. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *see also Boschetto v. Hansing,* 539 F.3d 1011, 1018 (9th Cir. 2008) ("But, as the district court noted, 'the issue is not whether the court has personal jurisdiction over the intermediary eBay but whether it has personal jurisdiction over an individual who conducted business over eBay.' "). To hold otherwise would be to allow any defendant who sells products on Amazon to be haled into court in Washington, regardless of their contacts with the state. Instead, Defendant's relationship with Amazon is just one contact supporting a finding of personal jurisdiction.

Defendant's only other contact with Washington appears to be the sale of 59 (3.2%) of the allegedly infringing T-Rex costumes to Washington consumers. Dkt. #10, Ex. A. Courts in other districts have found that an exercise of personal jurisdiction is inappropriate where a defendant sells a small number of products to consumers in the forum state but there is no additional evidence the sales were "expressly aimed" at the forum. *See e.g. Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir. 2008) (holding the sale of a car through eBay.com was insufficient to establish minimum contacts to support an exercise of personal jurisdiction); *Imageline, Inc. v. Hendricks,* No. CV 09-1870 DSF (AGRx), 2009 WL 10286181, at *3, 5 (C.D. Cal. Aug. 12, 2009) (holding the

ORDER-6

plaintiff failed to establish sufficient minimum contacts where 10% of Defendants' sales, comprising 1,071 transactions over an eight-year period, were made to California residents); *Control Solutions, Inc. v. MircoDAQ.com, Inc*., No. 3:15-cv-748-PK, 2015 WL 5092593, at *7 (D. Or. Aug. 26, 2015) (finding no personal jurisdiction where 1.6% of the defendant's total sales ($80,000 annually) were directed at the forum). Defendant's sale of 59 costumes via its Amazon account is hardly a continuous and deliberate exploitation of the Washington market, sufficient to satisfy the "express aiming" requirement.

Furthermore, Plaintiff has alleged no facts suggesting that Defendant "individually targeted" Plaintiff in Washington. *Bancroft & Masters*, 223 F.3d at 1087 ("[E]xpress aiming" encompasses wrongful conduct individually targeting a known forum resident). The Ninth Circuit has repeatedly held that the express aiming requirement is satisfied "when defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Wash. Shoe. C*o., 704 F.3d at 675 (internal quotation marks and citations omitted); *Fiore v. Walden*, 688 F.3d 558, 577 (9th Cir. 2012) ("In general, where there was 'individual targeting' of forum residents—actions taken outside the forum state for the purpose of affecting a particular forum resident or a person with strong forum connections—we have held the express aiming requirement satisfied."). Here, Plaintiff has not alleged any facts suggesting that Defendant, a resident of Nevada, would reasonably know that Plaintiff, a New York corporation, would be likely to suffer harm in Washington as a result of the allegedly infringing behavior such that Defendant would be subject to a lawsuit here. This also weighs against a finding of personal jurisdiction. In sum, the Court finds that Plaintiff has failed to establish that Defendant purposefully directed its conduct to Washington, sufficient to support an assertion of personal jurisdiction.

### 2. *Purposeful Availment*

Plaintiff also argues that the purposeful availment standard applies because Defendant "engaged in tortious conduct pursuant to its contractual relationship with Amazon.com." For the same reasons outlined above, Plaintiff will fare no better under a purposeful availment analysis. The " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotations and citations omitted). Contrary to Plaintiff's assertion, the mere sale of goods to consumers in a forum state is not sufficient to permit an assertion of personal jurisdiction in that state. *Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir. 2008) (finding the sale of a car to a California resident via eBay.com was insufficient to establish purposeful availment). Instead, Plaintiff must show that the defendant deliberately "engaged in significant activities" within the state or "created continuing obligations between himself and residents of the forum" such that he has "manifestly … availed himself of the privilege of conducting business there…" *Id.* at 475-76. The fact that Defendant contracted with Amazon (a Washington-based company) to sell the allegedly infringing costumes is insufficient to establish purposeful availment. *Burger King*, 471 U.S. at 478 ("However, an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts to support personal jurisdiction.") (internal quotation marks and citations omitted). Moreover, the fact that 59 T-Rex costumes were purchased by Washington consumers via Defendant's Amazon account does not establish "continuing relationships and obligations" sufficient to show that Defendant has purposefully availed itself of the privilege of conducting business in the state *Id.* at 473.

Because Plaintiff has failed to establish a *prima facie* case that Defendant either purposefully directed its conduct at Washington or purposefully availed itself of the

privilege of doing business there, the Court declines to consider the remaining factors. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

### III. JURISDICTIONAL DISCOVERY

Plaintiff also requests leave to conduct jurisdictional discovery. Dkt. # 11 at 18. The decision whether to grant jurisdictional discovery is within the discretion of the district court. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *American West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

In its request for jurisdictional discovery, Plaintiff argues that jurisdictional discovery "is likely to reveal, for example, Trend Nation's sales of the infringing T-Rex costume to consumers or re-sellers in Washington through other retail or wholesale channels" for example, potential sales of the allegedly infringing costumes on Trend Nation's eBay.com account. Dkt. # 11 at 19. However, Plaintiff's allegation that Defendant may sell to other consumers in the state without asserting any conduct indicating direct targeting of Washington, is insufficient to warrant jurisdictional discovery. Plaintiff's request for jurisdictional discovery is DENIED.

//

//

ORDER-9

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, without prejudice. Dkt. #9. Because the Court has granted Defendant's motion to dismiss, Defendant's motion to transfer is **DENIED** as moot.

DATED this 28th day of August, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER-10