The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RUBIE'S COSTUME COMPANY, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>YIWU HUA HAO TOYS CO., LTD.; LI CHEN; TANG LI QUN; LI ZHOU; XIANG YUN; ZENG LI; OFER MANDLER; SHANJU LEI; AD HOC PRODUCT SOURCING & TRADING COMPANY LTD.; WEN TING XIE; JAMES JACKSON; JUNHUI JIANG; JOHN GAO; GUOFEN LUO; KUN HUANG; and JOHN DOES 1-13, currently unknown individuals and entities,<br><br>Defendants. | Case No. 2:18-cv-01530-RAJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. (f)(3)** |

This matter comes before the Court on Plaintiff's Motion for Alternative Service. Dkt. # 20. For the reasons discussed below, this motion is **GRANTED** in part and **DENIED** in part.

ORDER- 1

# I. BACKGROUND

Plaintiff Rubie's Costume Company, Inc. ("Plaintiff") is a New York-based costume company that designs and manufactures costumes including a "highly-recognizable and very popular full-body Inflatable T-Rex Costume." Dkt. # 17 (Amended Complaint) at ¶ 1. The costume was first published on July 31, 2015 and is registered with the United States Copyright Office (VA 2-108-559). *Id.* at ¶¶ 35−36. The costume is sold through various distribution channels including "online platforms and traditional brick and mortar stores" throughout the United States (and the world). *Id.* at ¶ 37.

Defendant Yiwu Hua Hao Toys Co., Ltd. ("Yiwu Hua Hao") is a Chinese company that allegedly manufactures infringing T-Rex costumes. Dkt. # 17 at ¶¶ 3−4. According to Plaintiff, Yiwu Hua Hao manufacturers two versions of the Inflatable T-Rex costume, both of which "copy original graphical and sculptural features" from Plaintiff's costume. *Id.* at ¶ 43. Yiwu Hua Hao sells these allegedly infringing costumes using an Amazon seller account, Yiwu Hua Hao Toys Co. Ltd. (A28HXIHWFH6GG1), along with the other defendants. *Id.* at ¶ 45.

On October 18, 2018, Rubie's brought suit against Trend Nation[1] and Yiwu Hua Hao Toys, along with several other previously unnamed defendants, under the Federal Copyright Act. Dkt. # 1. Plaintiff successfully served Defendant Trend Nation but was unable to serve the remaining defendants. Dkt. # 20 at 4. After contacting Amazon, Plaintiff was able to obtain contact information for all of the defendants in this action (and the other two related actions[2]), although a majority of the addresses were located in China. *Id.* Plaintiff subsequently attempted to serve summonses and complaints upon

---

[1] On August 28, 2019 the Court granted Trend Nation's motion to dismiss for lack of personal jurisdiction. Dkt. # 21.
[2] *Rubie's Costume Company v. Luo Li Jiang, et al.*, No. 2:18-cv-01531-RAJ, (the "Jiang Action") and *Rubie's Costume Company v. Zeng Wei Yi*, No. 2:18-cv-01532-RAJ, (the "Yi Action").

ORDER- 2

the thirteen defendants with addresses in the United States. Dkt. # 20 at 4. Of the thirteen defendants, only one defendant was successfully served. *Id.* For many of these defendants, Plaintiff reports that individuals at these addresses informed the process server that they were unfamiliar with Defendants, suggesting that Defendants provided false addresses to Amazon. Dkt. # 20-3 (Roller Decl.), at ¶ 4, Ex. 1.

Plaintiff now asks the Court for leave to serve the remaining Defendants by e-mail and through their Amazon.com storefronts. Dkt. # 20.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) allows service of process upon a foreign corporation to be effected "in any manner prescribed for individuals by subdivision [4](f) except personal delivery." Rule 4(f) authorizes several methods for service of process including, an "internationally agreed means of service," or, if there is no "internationally agreed means," a method that is reasonably calculated to give notice. Fed. R. Civ. P. 4(f).

## III.     DISCUSSION

Under Fed. R. Civ. P. 4(f)(3), courts have discretion to allow service by alternative means provided the court's method of service comports with constitutional notions of due process and is not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.2002). A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc.*, 284 F.3d at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)). Courts have authorized numerous methods of alternative service under Rule 4(f)(3), including service by publication, mail, and e-mail. *Id.* at 1016 (citations omitted). Parties are not required to attempt service by other methods before petitioning the court for alternative service of process, instead it is within the discretion of the district court to determine "when the particularities and necessities of a given case require alternate service of process under rule 4(f)(3)." *Id.* at

ORDER- 3

1016.

Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3) including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant. *See e.g. Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir.2002) (authorizing alternative service where the plaintiff made multiple good faith yet unsuccessful efforts to serve the defendant and the defendant was "striving to evade service of process."); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250 (D. Ariz. Mar. 3, 2011) (allowing alternative service by e-mail where the plaintiff was unable to identify a physical address for the defendant and the plaintiff had previously communicated with the defendant by e-mail); *Lyman Morse Boatbuilding Co. v. Lee*, 2011 WL 52509 (D. Me. Jan. 6, 2011) (allowing alternative service by e-mail where the plaintiff had previously attempted to serve the defendant by mail, the plaintiff was in e-mail communication with the defendant, and the defendant had instructed his attorney not to accept service on his behalf).

The advisory committee notes to Rule 4 also provide several examples of situations that might merit alternative means of service such as cases of urgency or the failure of a country's Central Authority to effect service within the six-month period provided by the Hague Convention. *See* Fed.R.Civ.P. 4 Advisory Committee's Notes (1993 Amendment, subdivision (f)). The advisory notes caution courts to select a method of service that is "consistent with due process and minimizes offense to foreign law." *Id*.

As an initial matter, the Court notes that China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 22, 2019). The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. *See*

ORDER- 4

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988).

Service through a country's Central Authority is the principal means of service under the Hague Convention. Article X of the Convention preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, art. 10, Feb. 10, 1969, 20 U.S.T. 361. In signing the Convention, China expressly rejected service through means enumerated in Article X, including service through postal channels and through its judicial officers. *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 22, 2019).

Despite China's objection to Article X, numerous courts have held that Article X does not prohibit service by electronic communication. *See*, e.g., *Microsoft Corp. v. Goldah.com Network Tech. Co.*, Ltd., No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal., Oct. 11, 2017) (holding service by e-mail did not violate Article X); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK, 2017 WL 4517103, at *2-*3 (authorizing service by email despite China's objection to Article X); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.,* No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2-*3 (S.D. Cal., Jan. 17, 2019) (rejecting argument that China's objection to service by postal channel precluded electronic service); *Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal., Apr. 17, 2017) (distinguishing email service from postal mail and concluding that service by email to parties located in countries that have objected to Article X was permissible).

In addition, within the Ninth Circuit, multiple courts have allowed alternative service by electronic communication to defendants located in China. *See MultiFab, Inc. v. ArlanaGreen.com,* No. 2:15-CV-0066-SMJ, 2015 WL 12880504, at *3−*4 (E.D. Wash., Mar. 13, 2015) (allowing service via e-mail on defendant located outside the United States)*; Juicero, Inc. v. Itaste Co.,* No. 17-cv-01921-BLF, 2017 WL 3996196, at

ORDER- 5

*3 (N.D. Cal., June 5, 2017) (authorizing e-mail service and service through Facebook account on Chinese defendants in infringement case); *Chanel, Inc. v. Lin,* No. C-09-04996 JCS, 2010 WL 2557503, at *3 n.3 (N.D. Cal., May 7, 2010), *report and recommendation adopted,* No. C-09-04996 SI, 2010 WL 2557561 (N.D. Cal., June 21, 2010) (authorizing alternative service of process on Chinese defendants via e-mail pursuant to Fed. R. Civ. P. 4(f)(3) in trademark action); *Gucci Am., Inc. v. Wang Huowing,* No. C-0905969 JCS, 2011 WL 31191, at *3 (N.D. Cal., Jan. 3, 2011), *report and recommendation adopted,* No. C-09-05969 CRB, 2011 WL 30972 (N.D. Cal., Jan. 5, 2011) (same); *Magpul Indus. Corp. v. Zejun,* No. C 14-01556 JSW, 2014 WL 7213344, at *2 (N.D. Cal., Dec. 16, 2014) (complaint served on Chinese counterfeiting defendant via e-mail); *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2018 WL 3632160, at *3−*4 (N.D. Cal., July 31, 2018) (authorizing service of process through AliExpress.com online messaging system). As a result, the Court finds that Plaintiff's proposed methods of alternative service are not expressly prohibited by international agreement.

Even if alternative service is permitted by Rule 4(f)(3), however, the Court must still consider whether the proposed method of service comports with due process. *Rio Props.,* 284 F.3d at 1016. Here, the Court finds that service by e-mail and through Defendants' electronic storefronts is permitted as to some Defendants given the circumstances of this case, specifically, where Plaintiff has been unable to ascertain physical addresses for service after a reasonable effort or where there is evidence defendants are attempting to evade service. *See* Dkt. # 20-2 at ¶¶ 7, 8, 12, 13, and 16. Accordingly, Plaintiff's Motion is GRANTED as to Defendants Yiwu Hua Hao Toys Co., Ltd., Li Chen, Ofer Mandler, Shanju Lei, and James Jackson.

For those remaining defendants where Plaintiff has identified physical addresses in China, the Court DENIES Plaintiff's Motion. From the record, it does not appear that Rubie's has attempted service on these defendants at all. In addition, Plaintiff has failed to demonstrate that these defendants are elusive or otherwise striving to evade service of process. *Rio Properties,* at 1014 (plaintiff must demonstrate that the facts and

ORDER- 6

circumstances of the present case necessitated the district court's intervention for alternative service of process).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for an Order Directing Alternative Service of Process under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. # 20. Plaintiff has leave under Federal Rule of Civil Procedure 4(f)(3) to serve Defendants Yiwu Hua Hao Toys Co., Ltd., Li Chen, Ofer Mandler, Shanju Lei, and James Jackson with the First Amended Complaint, the Summons, and this Order by the following unique email addresses and Amazon Seller Accounts as indicated below:

| Defendant | Amazon.com Seller Account | Email Address |
|---|---|---|
| Yiwu Hua Hao Toys Co., Ltd. | "Yiwu Huahao Toys Co. Ltd." (A28HXIHWFH6GG1) | edwin@huahaotoys.net |
| Li Chen | "Hugallur-US" (A1BVUFNRB02KXK) | ladykeramz@yahoo.com |
| Ofer Mandler | "CommercialProducts" (A4CK52F84GSEF) | mike.homeproducts@gmail.com |
| Shanju Lei | "iFigure" (A30YGBPACVGCY9) | figure@yeah.net |
| James Jackson | "JM Goodies" (A1NYKB7FGC8DNW) | support@taxmonkey.com |

Plaintiff has **14 days** from the date of this Order to serve the Defendants in accordance with this Order.

DATED this 25th day of November, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 7